1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   NORMAN GREGORY,

11              Plaintiff,                    No. CIV S-05-1393 FCD EFB P

12        vs.

13   B.C. ADAMS, et al.,                      ORDER

14              Defendants.

15   _____/

16        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action

17   under 42 U.S.C. § 1983.  On March 21, 2008, the district judge adopted this court's February 19,

18   2008, findings and recommendations and denied defendants' motion for summary judgment.

19   This case, therefore, proceeds on plaintiff's claims against defendant Adams.   Accordingly, the

20   court will now set the matter for pretrial conference and the trial date will be reset in the

21   forthcoming pretrial order.

22        Plaintiff is advised that failure to comply with the procedures set forth below may result

23   in the preclusion of any and all witnesses named in his pretrial statement.

24        At the trial of this case, plaintiff must be prepared to introduce evidence to prove

25   each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two

26   kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is plaintiff's

1

responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

      I.     <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u>

An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that:

      1. The prospective witness is willing to attend; and

      2. The prospective witness has actual knowledge of relevant facts.

<u>With the pretrial statement</u>, a party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must:

      1. State the name, CDC Identification number, and address of each such witness; and

      2. Be accompanied by affidavits showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.

The willingness of the prospective witness can be shown in one of two ways:

      1. The party himself can swear by affidavit that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed. The party must state in the affidavit when and where the prospective witness informed the party of this willingness; or

      2. The party can serve and file an affidavit sworn to by the prospective

1  witness, in which the witness states that he or she is willing to testify

2  without being subpoenaed.

3  The prospective witness' actual knowledge of relevant facts can be shown in one

4  of two ways:

5  1. The party himself can swear by affidavit that the prospective witness

6  has actual knowledge. However, this can be done only if the party has

7  actual firsthand knowledge that the prospective witness was an eyewitness

8  or an ear-witness to the relevant facts. For example, if an incident

9  occurred in the plaintiff's cell and, at the time, the plaintiff saw that a

10  cellmate was present and observed the incident, the plaintiff may swear to

11  the cellmate's ability to testify.

12  Or

13  2. The party can serve and file an affidavit sworn to by the prospective

14  witness in which the witness describes the relevant facts to which the

15  prospective witness was an eye- or ear-witness. Whether the affidavit is

16  made by the plaintiff or by the prospective witness, it must be specific

17  about what the incident was, when and where it occurred, who was

18  present, and how the prospective witness happened to be in a position to

19  see or to hear what occurred at the time it occurred.

20  The court will review and rule on the motion for attendance of incarcerated

21  witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the

22  court will issue the order necessary to cause the witness' custodian to bring the witness to court.

23  II.  Procedures for Obtaining Attendance of Incarcerated Witnesses Who

24  Refuse to Testify Voluntarily

25  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to

26  testify voluntarily, the party should submit with his pretrial statement a motion for the attendance

1    of such witnesses. Such motion should be in the form described above. In addition, the party

2    must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3         III.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who

4                 Agree to Testify Voluntarily

5         It is the responsibility of the party who has secured an unincarcerated witness'

6    voluntary attendance to notify the witness of the time and date of trial. No action need be sought

7    or obtained from the court.

8         IV.     Procedures for Obtaining Attendance of Unincarcerated Witnesses Who

9                 Refuse to Testify Voluntarily

10        If a prospective witness is not incarcerated, and he or she refuses to testify

11   voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must

12   prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the

13   witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party

14   seeking the witness's presence must tender an appropriate sum of money to the witness through

15   the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of

16   money is the daily witness fee of $40.00 plus the witness's travel expenses.

17        A subpoena will not be served by the United States Marshal upon an unincarcerated

18   witness unless the subpoena is accompanied by a money order made payable to the witness for

19   the full amount of the witness's travel expenses plus the daily witness fee of $40.00, and a copy

20   of the court's order granting plaintiff *in forma pauperis* status.  Because no statute authorizes the

21   use of public funds for these expenses in civil cases, the tendering of witness fees and travel

22   expenses is required even if the party was granted leave to proceed *in forma pauperis*.

23        In accordance with the above, IT IS HEREBY ORDERED that:

24        1.  Plaintiff shall file and serve his pretrial statement and any motions necessary to

25   obtain the attendance of witnesses at trial on or before May 26, 2008.  Plaintiff is advised that

26   failure to file a pretrial statement may result in the imposition of sanctions, including dismissal

4

of this action.

    2.  Defendant shall file his pretrial statement not later than June 10, 2008.

    3.  Pretrial conference (as described in Local Rule 16-282) will be conducted on the file only, without appearance by either party.

    4.  The date for jury trial before the Honorable Frank C. Damrell, Jr. will be set in the pretrial order.

DATED:  April 29, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE