IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMAN GREGORY,

        Plaintiff,    No. CIV S-05-1393 FCD EFB P

  vs.

B.C. ADAMS, et al.,

        Defendants.    ORDER

                                  /

      Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Currently pending is defendant Adams' request that this action be dismissed for plaintiff's failure to file a pretrial statement as directed. Plaintiff opposes the request. For the reasons explained below, defendant's request must be denied without prejudice.

      A party's failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 11-110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439,

1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

On September 29, 2006, the Clerk of the Court sent to plaintiff a copy of the Local Rules of this Court, and explained that failure to comply with the Local Rules or any order of this court may result in a recommendation of dismissal. Furthermore, on October 18, 2006, and February 14, 2008, the court issued discovery and scheduling orders stating that in the event this action survived any dispositive motions that were filed, the parties would be required to file pretrial statements pursuant to Local Rule 16-281. On March 21, 2008, the district judge denied defendant Adams' motion for summary judgment. Just over one month later, on April 29, 2008, this court directed plaintiff to file a pretrial statement by May 26, 2008. Plaintiff neither filed a pretrial statement nor sought an extension of time to do so. On June 6, 2008, defendant filed a request that the court dismiss this action on the ground that plaintiff failed to file a pretrial statement or in any way respond to the court's order. In his opposition, plaintiff asserts that he has another case pending in this court for which he had a June 2, 2008, filing date. He states that the law librarian refused to give him sufficient time in the law library to draft the pretrial statement for this case. It appears that plaintiff did not prove he needed library access for this case because he did not show the librarian the April 29 order until after the pretrial statement was due. He now requests that the court provide him another opportunity to file a pretrial statement.

Plaintiff has not abandoned this action, as evidenced by his opposition. He exercised poor judgment in his attempts to gain access to the law library, but this one instance is insufficient for dismissal under Rule 41(b). However, repeated disobedience to orders, even when a plaintiff proceeds without counsel and formulates a multitude of excuses, is grounds for dismissal. Thus, plaintiff must in the future heed the orders of this court.

////

////

Accordingly, it is hereby ORDERED that:

1. The June 6, 2008, request to dismiss this action is denied without prejudice.

2. Plaintiff shall file a pretrial statement and any motions necessary to obtain the attendance of witnesses at trial no later than August 21, 2008. Defendant shall have until no later than September 5, 2008, to file and serve a pretrial statement.

3. Pretrial conference (as described in Local Rule 16-282) will be conducted on the file only, without appearance by either party.

4. The date for jury trial before the Honorable Frank C. Damrell, Jr. will be set in the pretrial order.

DATED: July 23, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE